IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs.   ) | **2:01cr68** |
| ) | **(2:05cv325)** |
| ) | **Electronic Filing** |
| **HARRY R. NEAL** ) | |

## MEMORANDUM AND ORDER OF COURT

Movant Harry R. Neal ("Neal" or "petitioner") commenced this action by filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On January 18, 2002, Neal was found guilty by jury on two counts of bank robbery and two counts of armed bank robbery and thereafter sentenced on April 5, 2002 to eighty-seven months of incarceration, five years of supervised release, and ordered to pay a special assessment of $400.00 and $2,860.00 in restitution. The United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on December 8, 2003. The United States Supreme Court denied Neal's petition for certiorari on March 8, 2004. He filed the instant motion on March 8, 2005. Neal thereafter filed an addendum to his motion, a supporting brief and several supplemental motions and briefs. The Government filed a response to the motion on November 7, 2005, and a response to Neal's addendum on November 25, 2005, to which Neal responded on December 8, 2005. For the reasons set forth below, the motion as augmented through petitioner's multiple pleadings and responses will be denied.

Neal was convicted of robbing two banks located in Pittsburgh, Pennsylvania. Both banks were robbed in a similar manner. Each time, a single male approached a bank teller with a hoax bomb device constructed from dismantled radios and wires and instructed the teller that if she did not give him unmarked money, he would detonate the bomb. After receiving the money, the perpetrator told the tellers not to call the police for a specified time or the bomb would detonate. Although the robber managed to escape from both banks with a sum of money, he was filmed by bank surveillance cameras.

Thereafter, the FBI enlisted the help of a local newspaper to assist in apprehending the perpetrator. On March 8, 2001, the South Pittsburgh Reporter published bank surveillance photos of the robberies. Thereafter, the F.B.I received a call from a confidential informant who identified Neal as the person in the surveillance photos. Consequently, the F.B.I acquired an affidavit of probable cause to search Neal's apartment at 2508 East Carson Street, Pittsburgh, Pennsylvania. Upon execution of the search warrant, the F.B.I found Neal to be a felon in possession of a firearm, resulting in his arrest. On April 4, 2001, a grand jury indicted Neal for possession of a firearm by a felon. On April 18, 2001, Neal was indicted for bank robbery and armed bank robbery. On June 26, 2001, a superceding indictment was returned containing two counts of bank robbery and two counts of armed bank robbery. Neal was arraigned and pled not guilty.

On September 1, 2001, Neal's attorney, Federal Public Defender Michael Novara, was permitted to withdrawal due to irreconcilable differences. John A. Halley was appointed as Neal's trial counsel. Attorney Halley also sought to withdrawal as Neal's counsel, but on October 26, 2001, he was denied permission to withdrawal. Neal's bank robbery and armed bank robbery case eventually proceeded to trial with Halley as his counsel.[1]

At trial, the only disputed issue was whether Neal was the perpetrator of the robberies. A witness for the Government testified that Neal admitted to robbing the banks, which were located within walking distance of his apartment. The Government presented expert testimony that Neal's fingerprints were found on both hoax bombs used in the robberies. The Government also introduced evidence of Neal's drug addiction and financial difficulties to show motive, as well as evidence that he had access to the type of materials used to make the hoax bombs. Photographs from the bank robberies were introduced depicting an individual with physical characteristics similar to Neal's, including height and the facial features of a mustache and right-sided mole. In addition, Neal's friend testified that Neal dyed his hair black at the time of the bank robberies,

---

[1] Neal's armed bank robbery case was tried separately from his felon in possession case. Attorney Halley did not represent Neal in his felon in possession case and Neal does not challenge that conviction in his § 2255 motion.

2

which was consistent with the surveillance photographs.

A jury found Neal guilty of all four counts. Neal appealed. The Third Circuit appointed Kenneth M. Weidaw as appellate counsel. Appellate counsel challenged the sufficiency of the search warrant. The Third Circuit affirmed Neal's conviction.

Neal now seeks relief pursuant to 28 U.S.C. § 2255, setting forth numerous grounds for relief and requesting an evidentiary hearing. The central constitutional ground raised by petitioner is that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment. Neal claims his trial counsel, attorney Halley, was ineffective for failing to 1) dissuade Neal from testifying at trial, 2) investigate Neal's case properly and retain certain experts, 3) argue for dismissal of Neal's case after alleged prosecutorial misconduct during his grand jury proceeding, 4) discuss a plea bargain with Neal, 5) put forth sufficient effort to represent Neal effectively, 6) investigate the admissibility of certain enhanced surveillance photos and video, and 7) object to the introduction of evidence of Neal's prior drug use and financial difficulties.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id. Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States

3

v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

A two-part test is utilized to assess an ineffective counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the

4

[outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Neal advances several specific assertions to support his ineffective assistance of counsel claim. First, he contends counsel failed to dissuade him from testifying at trial, which he claims ultimately proved to be destructive. Neal asserts that because he was not convinced by his counsel that he should refrain from testifying, his conviction "resulted in a fundamentally unreliable and unfair trial and miscarriage of justice." (Pet. Brief at 33).

This ground fails because Neal has failed to demonstrate that any error occurred, much less one that was prejudicial. The court must assume "counsel's conduct falls within the wide range of reasonable professional assistance" until petitioner advances concrete evidence to the contrary. Flamer, 68 F.3d at 728. If Neal had not testified that the Government planted his fingerprints on the hoax bombs used in the robberies, the evidence that his fingerprints were on both bombs would have been uncontroverted. Failing to dissuade Neal from attempting to rebut this highly persuasive evidence linking him to the scene(s) is hardly an error that falls below the objective level of reasonableness guaranteed by the Sixth Amendment.

Moreover, Neal sets forth no persuasive argument as to why the outcome of trial would have been different had he not testified. The Government admitted evidence that Neal's fingerprints were on both bombs, he lived close to both banks, he was captured on camera during the robberies, he had a motive, and he admitted to robbing the banks. In light of the overwhelming evidence of guilt, which is independent of his testimony at trial, it is clear Neal cannot sustain his burden on either prong of the Strickland analysis.

Neal's second ground is that counsel was ineffective by not properly investigating his case and retaining certain experts. Specifically, he argues counsel should have retained photography, fingerprint, and psychiatric experts. Counsel also should have located potential witnesses to gain exculpatory evidence.

This claim lacks any evidentiary support to show that counsel's performance fell below an objective standard of reasonableness. Neal argues that these proposed experts would have, in effect, contradicted the Government's evidence, which more probably than not would have "benefitted him." (Pet. Brief at 14). Neal cannot and has not established what the "missing" expert testimony would have been or how any such testimony would have produced a different outcome. Without such basic information, the claim fails the first prong of the Strickland test.

Neal's claim that counsel did not properly investigate his case fails for similar reasons. He makes bald assertions that had his counsel taken certain steps to locate and interview other witnesses, he would have uncovered evidence that would have impeached the key Government witness. Neal has not introduced any affidavits detailing this supposed exculpatory evidence. Nevertheless, he argues such evidence would have had a reasonable probability to make the outcome of the proceeding different. Saying it is so does not make it so. Neal's mere conjectural second-guessing after conviction fails to present a factual basis that would support a claim of actual prejudice from counsel's performance. See Flamer, 68 F.3d at 729 (An ineffective assistance claim cannot be based on generalities but instead must be based on a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome.]") (quoting United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984)).

Neal contends counsel was ineffective in failing to argue for dismissal after purported intentionally misleading and false testimony was presented during his grand jury proceeding, resulting in prosecutorial misconduct. The gravamen of this claim is that during Neal's grand jury proceeding, the Government elicited testimony from an F.B.I. agent that certain hairs from one of the hoax bombs matched Neal's hair color and certain carpet fibers matched the color of the carpet in Neal's apartment, when in fact the Government supposedly knew that F.B.I. laboratory tests proved the hair and carpet in question could not have been associated with Neal.

The Government posits that there are often delays between the date an F.B.I. laboratory report is completed and the date the report actually is provided to the investigating agents. Although the relevant laboratory tests, which were performed in Washington D.C., are dated May 21, 2001, and the Government testimony in question took place on June 21, 2001, the record

6

indicates Neal's counsel did not receive the reports until August 1, 2001. Furthermore, the record is devoid of any evidence indicating the Government was aware of the content of these reports at the time the alleged misconduct occurred.

Neal argues that had counsel pursued and established an allegation of prosecutorial misconduct, counsel presumably could have gotten the indictment dismissed. In order to maintain this claim, Neal would have to point to something in the record to support an inference that the Government purposefully asked misleading questions to bolster the credibility of its witnesses in order to obtain an indictment. Other than sheer timing, Neal has failed to identify any basis for pursuing such an allegation and, as previously mentioned, the record does not contain any information or evidence that would support such a claim. Counsel cannot be faulted for failing to pursue an option that was unavailable at the time. Cf. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.") Likewise, the evidence that the hair and carpet samples could not be associated with Neal was available and used at trial in Neal's defense. The jury considered the evidence and returned a guilty verdict on all four counts of bank robbery. These matters were litigated and resolved against Neal and cannot now be revisited in a § 2255 motion. See infra at p. 14.

Neal claims counsel was ineffective by failing to discuss a plea bargain with him. This claim fails because Neal cannot establish prejudice. He acknowledges he has no reason to believe there was a plea agreement, and the record does not support the existence of any plea agreement. See, e.g., Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) (holding, in the context of an ineffective assistance of counsel claim, that to establish prejudice, the petitioner must begin by proving that a plea agreement was formally offered by the Government). Furthermore, Neal has not established he would have accepted a plea agreement even if one had been offered to him. He merely states that "there is a strong likelihood" he would have accepted one. (Pet. Brief at 10). Such indefinite conjecture made in hindsight is insufficient to sustain any claim of prejudice.

Neal asserts counsel was ineffective by failing to put forth sufficient effort to represent

him effectively, resulting in prejudice. Neal essentially argues that after trial counsel's motion to withdrawal was denied, there was a breakdown in communication, leading to a conflict of interest that resulted in a performance that fell below the objective standard of reasonableness.

Neal's contention is sufficiently undermined by the record, which indicates counsel engaged in a well prepared attack on the Government's case. Counsel introduced numerous items of evidence, zealously cross-examined the Government witnesses, and presented compelling arguments for acquittal. Neal makes no attempt to demonstrate what counsel should have done differently or what actions were unreasonable. Counsel's performance was more than adequate and Neal's Monday morning quarter-backing presents no factual basis that could support a claim of actual prejudice.

Neal argues counsel was ineffective by failing to investigate the admissibility of certain enhanced surveillance photos and video. Once again, petitioner has failed to even identify a potential error in support of his attempt to demonstrate counsel was ineffective. There is nothing in the record or in Neal's brief that even remotely demonstrates why such evidence would be inadmissible. Conversely, it is clear the admission of this evidence was a legitimate exercise of judicial authority. Neal's claim therefore amounts to nothing more than dissatisfaction with the outcome of trial. Without an error of sufficient magnitude, habeas corpus provides no relief. Thus, this claim must be rejected.

Finally, Neal contends counsel was ineffective in failing to object to the introduction of evidence reflecting his prior drug use and financial difficulties, which was admitted to show motive. This argument is misplaced because the record clearly establishes counsel performed as a reasonably competent lawyer would in the circumstances. Counsel submitted a brief opposing the introduction of such evidence and orally argued the issue. The fact that the trial court ultimately decided the issue against Neal does not make counsel's representation inadequate or ineffective.

In light of the above, Neal's multi-faceted attack on trial counsel's performance is unavailing. Accordingly, this ground provides no basis for relief.

Neal also raises several errors purportedly committed by the trial court. These errors

8

involve issues that were not previously raised and argued. Neal faces several hurdles in advancing these grounds for relief.

It is well settled that the first question to be resolved in assessing a § 2255 motion is whether the movant has alleged "an error sufficiently fundamental to come within the narrow limits of § 2255 [thus] making the conviction vulnerable to attack," United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir. 1992) (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)), and that non-fundamental errors which are not raised on direct appeal where there was an opportunity to do so are waived. United States v. Essig, 10 F.3d 968, 976-77 & n.25 (3d Cir. 1993; Grant v. United States, 72 F.3d 503, 505-06 (6th Cir.), cert. denied, 517 U.S. 1200 (1996) (claims which do not amount to serous defects meriting relief outside the normal appellate process are waived).

"Habeas corpus has long been available to attack convictions and sentences entered . . . without jurisdiction [and more recently has been] expanded to encompass claims of constitutional error as well." United States v. Addonizio, 422 U.S. 178, 185 (1979). In addition to presenting a claim falling within these limited substantive areas, significant procedural restrictions have been imposed in conjunction with claims for collateral relief that were not raised on direct appeal. Bousley v. United States, 523 U.S. 614, 621-22 (1998). As to alleged errors which are "based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982).

Where review of a conviction or sentence is sought based only on an error of law, "the scope of collateral attack has remained far more limited." Stone v. Powell, 428 U.S. 465, 477 & n.10 (1976); see also Reed v. Farley, 512 U.S. 339, 354 (citing Davis v. United States, 417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)). In such circumstances 'habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" Reed, 512 U.S. at 348 (quoting Hill, 368 U.S. at 428); United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993); see also

9

Coleman v. Thompson, 501 U.S. 722, 750 (1991); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996) ("nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process").

Specifically, Neal argues that the trial court erred in 1) failing to compel the Government to identify its confidential informant and produce any notes and reports from that confidential informant, 2) failing to give Neal a speedy trial, 3) failing to order a mental health exam, 4) failing to offer a curative instruction for alleged prosecutorial misconduct during the Government's closing argument, 5) denying attorney Halley's motion to withdraw, 6) admitting evidence of Neal's prior drug use and financial difficulties, 7) using intentionally misleading and false testimony to gain an indictment, 8) admitting certain enhanced surveillance photos and video, and 9) several other claims that Neal seeks to argue at a later date. Except as noted above, Neal made no objection at trial or on direct appeal to these alleged errors. In failing to do so, these grounds for collateral relief are procedurally defaulted. Thus, in order to proceed under these circumstances, Neal must demonstrate either "cause" and "actual prejudice' or that he is "actually innocent." Bousley, 523 U.S. at 422 (citations omitted).

A showing of "cause" in this context requires a petitioner to identify some objective external factor which impeded his or her ability to raise the alleged error on direct appeal. Coleman, 501 U.S. at 753; Murray v. Carrier, 477 U.S. 478, 488 (1986) ("cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim")). "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488). The "prejudice prong" requires a petitioner to show "actual prejudice resulting from the alleged . . . violation." Wainwright v. Sykes, 433 U.S. 72, 84 (1977); Reed, 512 U.S. at 354. A petitioner's failure to establish the "cause" prong of the inquiry precludes relief for any asserted prejudice absent a showing that the error "has probably resulted in the conviction of one who is actually innocent." Bousley, 523 U.S. at 623 (quoting Murray, 477 U.S. at 496)).

10

Here, Neal has failed to demonstrate that his ability to raise these issues was impeded by "some objective factor external to the defense." Coleman, 501 U.S. at 753. Neal argues his appellate counsel failed to raise certain issues that Neal informed him were "meritorious." He also claims that because he was not sent a copy of his appellate brief to review before it was filed, he filed a motion with the Third Circuit to file a pro se supplemental brief. Neal's motion was denied.

Neal's proffered justification for failing to raise these claims on direct appeal - his attorney failed to argue these issues - lacks merit. Neal has failed to identify any external impediment that prevented his appellate counsel from raising these claims. "The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Smith v. Murray, 477 U.S. 527, 535 (1986). Because there is no evidence external to his defense that prohibited Neal from raising the foregoing issues, Neal has failed to demonstrate cause for his procedural default.

In the absence of cause, this court need not address the issue of prejudice. See Murray, 477 U.S. at 533. Nevertheless, for the reasons detailed below, this court concludes that Neal has not demonstrated prejudice because he has not shown "that errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 152.

Neal contends it was an error for the trial court to deny his Motion for Discovery. Neal sought disclosure of the identity of the Government's confidential informant, as well as interview notes or reports related to the informant. Neal contends the denial of this material violated his rights to due process and a fair trial. This alleged basis for relief is without merit.

"To encourage citizens to report criminal activity, the government has a privilege to withhold from disclosure the identity of persons who furnish information regarding illegal activity." United States v. Johnson, 302 F.3d 139, 148-49 (3d Cir. 2002) (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)). To overcome this privilege, a defendant must show that disclosure "is relevant and helpful to [his] defense" or "is essential to a fair determination" of his guilt. Id. However, where an informant is merely a tipster and not an active participant or

eyewitness, his identity ordinarily need not be revealed. Unites States v. Jiles, 658 F.2d 194 (3d Cir. 1981).

Neal has offered no evidence demonstrating how disclosure of the Government's informant would have benefitted his defense. The informant in Neal's case did not testify at trial, and was merely a "tipster" who identified Neal as the person in the bank surveillance photos. Therefore, the trial court did not err in permitting the Government to withhold the identity of its confidential informant. It follows that this basis for relief is without merit.

Neal's claim that he was denied a right to a speedy trial also is without merit. Without explanation, Neal argues the Speedy Trial Act, 18 U.S.C.A. § 3161, was violated. There is no factual basis for this argument. Appropriate findings were made by the trial court when necessary. Consequently, Neal's Sixth Amendment right to a speedy trial was preserved.

Neal argues the trial court erred in proceeding to trial when there was a "determined and substantiated" question as to his competency or diminished capacity. Neal notes he was placed on "suicide watch" for a period of time while in prison, the court ordered him to undergo a mental competency exam, and he displayed curious courtroom demeanor. This argument is misplaced.

A court is required to conduct a mental competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241. The minimal evidence Neal advances as proof that he suffered from mental disease or defect is wholly insufficient to demonstrate the trial court should have ordered a mental competency hearing sua sponte. In contrast, Neal's ability to represent himself in his firearm possession case and his pro se submissions to the court corroborate the notion that he was competent to stand trial. The failure of the trial court to hold a competency hearing did not amount to a denial of Neal's constitutional rights.

Neal contends his rights were violated by prosecutorial misconduct during the Government's closing statement. He argues the prosecutor made "sarcastic remarks" about

Neal's defense and expressed his opinion about the truthfulness of Neal's testimony. This argument is sufficiently undermined by the record. There is no basis in fact for these assertions. Accordingly, relief may not be granted on this alleged violation.

Neal asserts the trial court violated his Sixth Amendment rights by denying attorney Halley's motion to withdraw as counsel, resulting in ineffective assistance of counsel, which led to an "unreliable and fundamentally unfair outcome." Because counsel clearly was not ineffective, as noted above, it is difficult to see how this argument could provide a basis for relief.

Neal argues the trial court erred in admitting evidence of his prior drug use and financial problems for the limited purpose of establishing a motive. This argument lacks merit. The trial judge weighed the probative value of the evidence against its unfair prejudice, and admitted the evidence. The trial judge was well within his discretion to admit this evidence and he informed the jury that they were to consider such evidence only for the limited purpose of motive. There was no error, let alone one that was unduly prejudicial.

Neal contends the Government committed prosecutorial misconduct by using intentionally misleading and false testimony to gain an indictment. As explained above, there is no evidence that the Government used intentionally misleading and false testimony during Neal's grand jury proceeding. Accordingly, this claim fails.

Neal argues it was reversible error to admit certain enhanced surveillance photos and video. As previously mentioned, the admission of this evidence was a legitimate exercise of judicial discretion for which habeas corpus provides no relief.

Neal also advances several other alleged errors that he seeks to argue at a later date. Neal's one year statute of limitations for his § 2255 motion expired on March 8, 2005, and he has yet to submit any argument on these additional grounds. A district court may grant an extension of time to raise grounds in support of a § 2255 motion only when (1) the moving party requests the extension upon or after filing an actual § 2255 motion, and (2) "rare and exceptional" circumstances warrant equitably tolling the limitations period. Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001).

13

Neal argues he is justified in preserving argument on these issues because he was denied adequate access to the courts and his case file due to the fact that he spent a period of time in a "Special Housing Unit." Neal has not demonstrated that he could not timely advance these particular arguments because of rare or exceptional circumstances beyond his control and unavoidable with the exercise of due diligence, which is only further buttressed by the fact that he was able to raise numerous alleged grounds for relief in his lengthy § 2255 motion and concomitant submissions. Accordingly, Neal may not circumvent the statutory deadline and any additional issues he seeks to argue at a later date are waived.

Finally, Neal alleges the trial court erred in failing to grant his motion to suppress. It is well settled that a motion pursuant to § 2255 may not be used to relitigate matters already decided on direct appeal. Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).

The issue of whether the warrant to search Neal's home was supported by probable cause was raised at the trial court level and litigated on direct appeal. This issue cannot now form the basis for the relief requested.

It follows that petitioner's first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 fails to raise any basis warranting further proceeding in support of the relief he seeks and must be denied as a matter of law.

Local Appellate Rule 22 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under § 2255 is entered a determination of whether a certificate of appealability should issue also must be made. The issuance of a certificate of appealability is "the primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has now mandated that " a certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the foregoing makes clear, petitioner's § 2255 motion does not identify any basis which can support a substantial showing that a denial of a constitutional or federal right adversely affected his sentence. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996)

(discussing standards governing certificates of appealability). Accordingly, the incorporated request for a certificate of appealability also must be denied.

In light of the above, the following order is appropriate.

### ORDER OF COURT

And now, this 20th day of April, 2007, for the reasons set forth in the memorandum above, IT IS ORDERED that Harry R. Neal's first motion pursuant to 28 U.S.C. § 2255 be, and the same hereby is, denied; and

IT FURTHER IS ORDERED that the incorporated request for a certificate of appealability also is denied.

The Clerk of Court is directed to mark the case closed.

                                      David Stewart Cercone
                                      United States District Judge

cc:    Brendan Conway, AUSA

       Harry R. Neal
       c/o Renewal Resident Mail
       P.O. Box 23475
       Pittsburgh, PA 15222-6475